# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| HARLENE ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 18-0447-WS-B |
| ) | |
| AUSTAL USA, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on defendant's Motion to Dismiss for Failure to Prosecute or Alternatively, Motion for Entry of Show Cause Order (doc. 8) and defendant's Motion to Stay Answer / Responsive Motion Deadline (doc. 9).

On November 21, 2018, the undersigned entered an Order (doc. 6) granting plaintiff Harlene Roberts' Motion to Amend Complaint (doc. 5), whereby she sought to delete Counts Six and Nine of her original Complaint because they contained legal errors. The November 21 Order observed that Roberts was entitled to file the amendment as a matter of course, and that leave would be readily granted in any event given the purpose of the amendment to streamline the proceedings and defendant's non-objection to same. To comply with this District's electronic filing procedures, Roberts was ordered to file her First Amended Complaint on or before November 30, 2018. (*See* doc. 6, at 1-2.) Plaintiff did not timely comply with this directive.

Within three business days after expiration of the November 30 deadline, defendant Austal USA, LLC filed a Motion to Dismiss, in which it urged the Court to dismiss this action for failure to prosecute, based on Roberts' noncompliance with the November 21 Order. In a Response filed on the same day as Austal's Motion to Dismiss, Roberts (by and through counsel) explained that her failure to meet the November 30 deadline for filing her First Amended Complaint was "[d]ue to clerical error and mistake," as well as a family medical emergency that had required plaintiff's counsel to be out of town and out of the office. (Doc. 10, ¶¶ 4, 9.)

Within four and a half hours after Austal filed its Motion to Dismiss, Roberts filed her First Amended Complaint (doc. 11), accompanied by an apology to the Court.

Plaintiff's conduct evinces neither a lackadaisical attitude toward prosecuting this action nor a lack of respect for judicial directives. Of course, court-ordered deadlines should not be ignored or disregarded; however, there were extenuating personal circumstances for plaintiff's counsel, who took immediate action to correct the omission when it was brought to her attention. Moreover, Roberts' oversight caused no conceivable prejudice to Austal and resulted in no more than negligible delay to these proceedings. The First Amended Complaint has now been filed as a freestanding document. Austal has been on notice of its contents for approximately two weeks. Under the circumstances, the Court readily concludes that defendant's proposed sanction of involuntary dismissal pursuant to Rule 41(b), Fed.R.Civ.P., is inappropriate; indeed, the Court finds that the interests of justice do not warrant imposition of any sanction against Roberts or her counsel here. Accordingly, Austal's Motion to Dismiss for Failure to Comply with Court's Order and Failure to Prosecute (doc. 8) is **denied**. In that Motion, defendant requested in the alternative that a Show Cause Order be entered to require Roberts to show cause for her noncompliance with the November 21 Order. Plaintiff has already done so voluntarily; therefore, the alternative request for relief embedded in Austal's Motion to Dismiss is, likewise, **denied**.

Via separate Motion, Austal seeks a stay of its deadline for filing an answer or responsive pleading. The November 21 Order directed Austal to file its answer or other responsive pleading to the First Amended Complaint on or before December 7, 2018. Because Roberts did not file her amended pleading until December 5, 2018 (although, again, Austal has been on notice of its contents for some time), the Court agrees that some relaxation of defendant's responsive-pleading deadline is appropriate. For that reason, defendant's Motion to Stay Answer/ Responsive Motion Deadline (doc. 9) is **granted in part**. Defendant's answer or other responsive pleading must be filed on or before **December 17, 2018**.

DONE and ORDERED this 6th day of December, 2018.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE